UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES E. JONES | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. C06-652-RSM-MJB |
| | ) | |
| v. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff James E. Jones appeals to the U.S. District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons set forth below, it is recommended that the Commissioner's decision be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

I. PROCEDURAL HISTORY

Plaintiff protectively filed an application for SSI in September 2002 and DIB in October

---

[1] Defendant substituted pursuant to F.R.C.P. 25(d)(1) and 42 U.S.C. § 405(g). Michael J. Astrue became Commissioner of Social Security on February 12, 2007.

REPORT AND RECOMMENDATION
Page - 1

2002. Tr. 28, 82, 330-31. He alleges disability since November 2, 2001, identifying his impairments as dyslexia, back, neck, and leg pain. Tr. 88. The Social Security Administration denied Plaintiff's application initially (Tr. 31) and upon reconsideration (Tr. 36). A hearing was held before Administrative Law Judge ("ALJ") M. J. Adams on May 2, 2005. Tr. 348. Plaintiff, who was represented by counsel, testified along with Dr. Charles Slater, medical expert ("ME"), and Brian Sorenson, a vocational expert ("VE").[2] Tr. 348-95. The ALJ issued an unfavorable decision on September 13, 2005, finding that Plaintiff was not disabled as defined in the Social Security Act. Tr. 28. On April 12, 2006, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 6-9. Plaintiff timely filed his appeal with this Court.

## II.  BACKGROUND

Plaintiff was 54 years old at the time of the hearing before the ALJ. Tr. 82. He has some high school education[3] (Tr. 94, 172, 353), and reported working as a laborer over the past fifteen years. Tr. 97-103, 120-26. Plaintiff also reported having dyslexia. Tr. 354. Other evidence relevant to Plaintiff's claims is incorporated into the discussion below.

## III.  THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the time relevant to this matter. Tr. 27. At step two, the ALJ identified Plaintiff's severe impairments as an affective disorder and mild mental retardation. *Id.* At step three, the ALJ determined that Plaintiff did not have impairments that met or equaled the criteria of any listing.

---

[2] Dr. Douglas Smith, M.D., an orthopedic surgeon and second medical expert was present at the hearing but did not offer any testimony.

[3] The ALJ's decision indicates that Plaintiff had two years of college education (Tr. 26); however, the Court notes that Plaintiff unsuccessfully attempted to complete his GED through a college program. (Tr. 353-54).

REPORT AND RECOMMENDATION
Page - 2

1  *Id.*; 20 C.F.R. § 404.1525 (2006) (Listing of Impairments).  The ALJ found that Plaintiff has

2  retained the following residual functional capacity:

3      [H]e has no exertional limitations, as he has no medically determinable
4      impairment physical [sic] impairments.  He is therefore capable of performing the
    full range of "heavy" work, which involves lifting no more than 100 pounds at a
    time, with frequent lifting or carrying of objects up to 50 pounds.

5
    Despite his mental impairments, I find that the claimant is able to understand, remember,
6      and carry out simple instructions; to make simple work-related decisions necessary to
    function in unskilled work; and to respond appropriately to supervisors, co-workers, and
7      usual work situations and to deal with changes in a routine work setting.

8  Tr. 27-28.  At step four, the ALJ found that Plaintiff was not disabled, namely that Plaintiff's

9  impairments do not prevent him from performing his past relevant work as a janitor/commercial

10  or institutional cleaner, lumber sorter/yard worker, and lumber sorter.  *Id.*  Accordingly, the

11  ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act.  (*Id.*)

12  IV.  STANDARD OF REVIEW

13         The court may set aside the Commissioner's denial of social security disability benefits

14  when the ALJ's findings are based on legal error or not supported by substantial evidence in the

15  record as a whole.  *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence is

16  defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence

17  as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*,

18  881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving

19  conflicts in medical testimony, and for resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d

20  1035, 1039 (9th Cir. 1995).  Where the evidence is susceptible to more than one rational

21  interpretation, it is the Commissioner's conclusion which must be upheld.  *Sample v. Schweiker*,

22  694 F.2d 639, 642 (9th Cir. 1982).

23  //

24  //

25
REPORT AND RECOMMENDATION
26  Page - 3

V.   DISCUSSION

A.   Commissioner's Concessions for Remand

Plaintiff asks the Court to reverse the Commissioner's final decision without a remand for rehearing, for a finding of disability and award of benefits. Dkt. #13 at 20. Alternatively, Plaintiff asks the Court to reverse the Commissioner's final decision with remand for further administrative proceedings. *Id.* at 21. Plaintiff argues that the ALJ erred by: (1) relying upon a hypothetical question that he never posed to the VE; (2) improperly evaluating evidence that Plaintiff was restricted to structured work; (3) improperly evaluating evidence that Plaintiff could only perform repetitive tasks and that his mental impairments would impair his ability to maintain sustained concentration; (4) failing to adhere to SSR 00-4p directives relating to the Dictionary of Occupational Titles ("DOT"); (5) improperly finding that Plaintiff had the ability to do four DOT jobs, contrary to verbal intelligence and aptitude criteria; (6) improperly evaluating medical evidence of Plaintiff's peripheral vascular disease and shoulder condition; (7) improperly evaluating Plaintiff's credibility. Dkt. # 13.

The Commissioner concedes that remand is necessary because the ALJ did not properly evaluate opinion evidence regarding a structured work setting and evidence of Plaintiff's peripheral vascular disease. Dkt. # 17 at 2. Additionally, the Commissioner asserts that on remand, the ALJ will also reassess Plaintiff's credibility, residual functional capacity ("RFC"), and whether he is able to perform work at steps four and five. Dkt. #17 at 2, 3. Plaintiff does not object to these additional considerations on remand. Accordingly, this Court recommends that the Commissioner's decision be reversed and remanded for further administrative proceedings.

//

//

REPORT AND RECOMMENDATION
Page - 4

B.     Other Disputed Issues

*ALJ's Evaluation of Plaintiff's Shoulder Condition*

In his last remaining claim, Plaintiff argues that the ALJ improperly evaluated medical evidence of Plaintiff's shoulder impairment, namely that Plaintiff may be entitled to a "closed period" of disability, a condition that lasted longer than twelve months, but ended on a specific date.  Here, he argues the condition ended by the date of Dr. Pritchett's assessment of April 2004 documenting Plaintiff's improvement.  Dkt. #13 at 17, 18.  Defendant responds that the ALJ properly found that Plaintiff's shoulder impairment was not severe because it did not last twelve continuous months.  Dkt. #17 at 7.

The Social Security regulations set out a five-step sequential evaluation process for determining whether claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920.  At step two, the claimant must establish that he or she has one or more medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1521(a), 416.921(a).  For an impairment to be severe it must have more than a minimal effect on the ability to do basic work activities and last for twelve or more continuous months.  20 C.F.R. §§ 404.1509, 416.909; SSR 96-3p.  If the claimant does not have a "severe" impairment, he or she is not disabled.  20 C.F.R. § 416.920(c).

Here, in evaluating the medical evidence, the ALJ noted that he had assigned more weight to the opinion of Dr. Pritchett while discounting earlier reports during his physical therapy.  Tr. 21.  He reasoned that Dr. Prichett, as an orthopedic specialist, was entitled to more weight.  20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5) (more weight is given to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist).  Tr. 21.  The ALJ concluded that Plaintiff's impairments, including his shoulder condition, were not so severe as to limit his functioning to any significant

REPORT AND RECOMMENDATION
Page - 5

extent for the required twelve month duration. *Id.*

After careful review of the record beginning with the Plaintiff's complaint of shoulder problems, this Court finds substantial evidence to support the ALJ's decision. Specifically, Plaintiff's shoulder complaint when contrasted with objective testing supports the ALJ's conclusion that the condition did not last twelve months and thereby was not severe. First, in November 2002, Michael Rosenfield, D.O., assessed Plaintiff's complaint of back, neck, and leg pain. Tr. 176-79. Plaintiff did not complain of a shoulder condition. *Id*. Nearly one year later, Plaintiff initially complained of a shoulder injury an MRI on his right shoulder produced normal test results (no evidence of rotator cuff tear and a few small degenerative subchondral cysts). *Id.*

Second, in November 2003, Diane Dozois, M.D., wrote Plaintiff's shoulder pain dramatically improved with exercise. Tr. 198. Plaintiff also reported being happy with his progress and expressed no further complications. *Id.* This is corroborated by the record which shows that after weekly physical therapy, under the care of Tina Hawley, M.D., Plaintiff had an improved range of motion of Plaintiff's shoulder and recommended continued physical therapy. Her notes read "[Plaintiff is] definitely improving." Tr. 229, 233. Later Dr. Hawley referred Plaintiff to Dr. Pritchett. In April 2004, James Pritchett, M.D., an orthopedic specialist, who noted that the impairment would run a benign course, concluded that Plaintiff needed no additional care for it. Tr.224.

This medical evidence demonstrates that Plaintiff's complaint of a shoulder impairment and continuous treatment of that impairment lasted only from September 2003 through March 2004, which is less than 12 continuous months. In light of these facts, this Court concludes that the ALJ did not err in concluding that Plaintiff's shoulder complaint was not a severe impairment.

## VI.  CONCLUSION

The Commissioner's determination to deny Plaintiff's benefits as described in Section V. A. are not supported by substantial evidence.  Based on the record evidence, the undersigned recommends the Commissioner's decision be REVERSED and REMANDED on the remaining issues pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the above analysis.  A proposed Order accompanies this Report and Recommendation.

DATED this 20th day of February, 2007.

MONICA J. BENTON
United States Magistrate Judge